# IN THE COURT OF APPEALS OF IOWA

No. 21-0520
Filed July 21, 2021

**IN THE INTEREST OF K.M., K.R., E.R., and J.O.,**
**Minor Children,**

**E.R., Mother,**
     Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Rose Anne Mefford, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Michael S. Fisher of Fisher Law Office, Oskaloosa, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Peter Stiefel, Victor, attorney and guardian ad litem for minor children.

Considered by Bower, C.J. and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

The mother of E.R., born in 2012; J.O., born in 2013; K.R., born in 2014; and K.M., born in 2017, appeals the termination of her parental rights. The children were removed from the mother's care in March 2019 due to concerns the mother was using methamphetamine and marijuana and she had recently left two of the children in the sole care of a registered sex offender. The children were later adjudicated in need of assistance. After a hearing in October 2020, the court terminated the mother's parental rights under Iowa Code section 232.116(1)(f), (h), and (*l*) (2020).[1] The mother appeals.

"We review proceedings terminating parental rights de novo." *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018) (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

First, the mother challenges the statutory grounds for termination. In doing so, she only argues the State did not prove the children could not be returned to her custody. Whether the children can be returned to the parent's custody at the time of the termination hearing is an element of Iowa Code section 232.116(1)(f)[2]

---

[1] The juvenile court also terminated the parental rights of the father of K.R and E.R. He does not appeal. The court placed J.O. and K.M. with their respective fathers and did not alter these fathers' parental rights.

[2] Under section 232.116(1)(f), the juvenile court may terminate parental rights if it finds all of the following:

      (1) The child is four years of age or older.

      (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

      (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or

and (h).[3]  *See D.W.*, 791 N.W.2d at 707 (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing").  Either paragraph (f) or (h) applies to each of the four children depending on age.  While return to custody is also an element of the remaining ground for termination, section 232.116(1)(*l*), we choose to analyze the statutory grounds only under section 232.116(1)(f) and (h).  *See id.* ("On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence.").

The mother points to her progress, especially her participation in mental-health and substance-abuse treatment, as evidence the children could be returned to her care.  The mother asserts she last used methamphetamine on June 6, 2020, and last used marijuana on August 19.  She also testified she first became "really engaged" in treatment in August.  While we commend the mother on her progress, it is simply too little, too late.  A June 26, 2019 substance-abuse evaluation noted

---

for the last twelve consecutive months and any trial period at home has been less than thirty days.
    (4)  There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

[3] Under section 232.116(1)(h), the juvenile court may terminate parental rights if it finds all of the following:
    (1)  The child is three years of age or younger.
    (2)  The child has been adjudicated a child in need of assistance pursuant to section 232.96.
    (3)  The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
    (4)  There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

the mother's long-standing substance-abuse issues and found she has severe cannabis use disorder and severe amphetamine use disorder. Removal—due in part to the mother's substance abuse—occurred in March 2019, over one year before the mother ceased her substance use and "really engaged" in treatment. Her marijuana use even continued for about two months after she recently learned she is pregnant. The mother's Iowa Department of Human Services (DHS) worker testified the mother is still "in the contemplation stage" of recovery and "doesn't know whether or not she wants to be sober." Even if we accept the mother's testimony about her treatment and sobriety, she had only shown about two months of progress at the time of the termination hearing. This is not enough to overcome the mother's documented substance-abuse issues. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) ("A parent cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting."). We agree the children cannot be returned to the mother's custody and find the statutory grounds for termination satisfied. *See* Iowa Code § 232.116(1)(f), (h).

Second, the mother argues she should have been given an additional six months to work toward reunification. *See id.* §§ 232.104(2)(b), 232.117(5) (permitting the juvenile court to enter a permanency order giving the parents an additional six months to work toward reunification if the juvenile court decides not to terminate parental rights). The mother again points to her progress as warranting an additional six months. However, in order to grant an extension of six months, the court must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination

that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b). As explained above, the mother made little progress on her long-standing substance-abuse issues until about two months prior to the termination hearing. Her late progress does not convince us the need for termination will no longer exist after an additional six months. *See In re D.M.*, 516 N.W.2d 888, 891 (Iowa 1994) (finding efforts "of very recent origin" to be an unpersuasive "eleventh hour attempt to prevent termination"); *In re K.A.*, No. 20-0979, 2020 WL 5946114, at *2 (Iowa Ct. App. Oct. 7, 2020) (same). Furthermore, we note the mother already received a six-month extension at a previous permanency hearing and did not use the time to make adequate progress. On our de novo review, we agree the mother was not entitled to an additional six months to work toward reunification.

Third, the mother argues termination is not in the children's best interests, again pointing to her progress. The primary concerns for a child's best interests are the "child's safety and the need for a permanent home." *In re J.E.*, 723 N.W.2d 793, 801 (Iowa 2006) (Cady, J., concurring specially). As explained above, the mother's progress on her long-standing substance-abuse issues is too little, too late. After more than eighteen months of DHS involvement, the mother can only show progress for the two months prior to the termination hearing. We are not convinced the mother can provide a safe and permanent home for the children on a long-term basis, and it is not in the children's best interests to avoid termination based on the hope she can do so in the future. *See In re D.S.*, 806 N.W.2d 458, 474 (Iowa Ct. App. 2011) ("We will not gamble with [the children's] future by asking

[them] to wait for a stable biological parent, particularly at such a tender age.").

Therefore, we agree termination is in the children's best interests.

**AFFIRMED.**